(120 App. Div. 565)

PEOPLE ex rel. VETERAN VOLUNTEER FIREMEN OF CITY OF BROOKLYN, WESTERN DISTRICT, v. METZ, Comptroller.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

MUNICIPAL CORPORATIONS—DONATIONS—REMISSION OF BACK WATER RATES.
    Laws 1887, p. 902, c. 696, as amended by Laws 1906, p. 1056, c. 440 exempts veteran firemen's associations, together with hospitals, dispensaries, and certain other organizations, from the payment for water taken by them from the city, provides that water shall be supplied by the city to them free of charge, and that real property necessarily used by them shall be released of all lien for water thereafter or theretofore used. Const. art. 8, § 10, provides that no city shall give any money or property to or in aid of any individual, association, or corporation. Held, that the statute was not in violation of Const. art. 8, § 10, to the extent that it remitted unpaid water rates which had become due from a veteran volunteer firemen's association.

Appeal from Special Term, Kings County.

Mandamus by the people, on relation of the Veteran Volunteer Firemen of the City of Brooklyn, Western District, against Herman A. Metz, as comptroller of the city of New York, to compel him to mark "Canceled and discharged," on the records of the bureau of assessments and arrears in the borough of Brooklyn, any and all water rates from and including the year of 1891 to the date of the order af-

fecting premises owned by relator. From an order directing that a peremptory writ of mandamus issue, defendant appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

James D. Bell, for appellant.
William K. Good, for respondent.

HOOKER, J. The relator, the Veteran Volunteer Firemen of the City of Brooklyn, Western District, was incorporated in the year 1887; the declared purpose of its incorporation being to renew and perpetuate the social intercourse and friendship that existed in the late Volunteer Firemen's Association of the City of Brooklyn, Western District, and to provide a headquarters for the transaction of its business and the enjoyment of its members, all of whom shall have served at least five years in said department. All of the members of the relator have been and now are honorably discharged volunteer firemen, who have previously served as such firemen, either in the old city of Brooklyn or in some one of the former county towns of the county of Kings. The relator became the owner in fee of the premises mentioned in the order. At no time has the relator derived any rent or profit from the building or any part of the premises, which have been used exclusively for the business and purposes of the corporation. Its members are, for the most part, men advanced in years. The regular running expenses for maintenance of the building are met by regular dues paid by members of the corporation, who mutually help each other and the families of their deceased members, when necessity therefor arises. Water rates assessed against the building owned by the corporation, and referred to in the order, have remained unpaid during the years 1891 to 1904, inclusive. Prior to the year 1906, chapter 696, p. 902, of the Laws of 1887 provided that certain charitable organizations mentioned in the statute should be exempted from the payment of any sum of money whatsoever to the city of New York for the use of water taken by them from the city; that water should be supplied by the city to them in sufficient quantity for their use; that the real property necessarily used by such institution should be released, discharged, and exempted from all lien and charge for water "heretofore used, * * * or which may hereafter be used by any such institution, society or corporation"; and that real property "necessarily now in use, or which may hereafter be necessarily used and devoted to" any such institution, should be and was by the statute declared discharged and exempted from all assessments laid or made for the use of water and sales thereunder, and from all such assessments hereafter so long as the premises should be owned by such institution. This chapter was amended by chapter 440, p. 1056, of the Laws of 1906, so as to include veteran firemen associations as beneficiaries thereunder. The relator claims that, by reason of this statutory provision, it is entitled to be relieved of the payment of the water rates assessed against its property during the years 1891 to 1904, inclusive, which remain unpaid. The appellant asserts that, so far as the statute affects the unpaid water rates between the dates mentioned, it offends

the provisions of section 10 of article 8 of the Constitution of the state of New York, and is therefore void. The part of that section of the Constitution which the appellant invokes reads as follows:

"No county, city, town or village shall hereafter give any money or property, or loan its money or credit to or in aid of any individual, association or corporation, or become directly or indirectly the owner of stock in, or bonds of, any association or corporation."

Other sections of the Constitution permit the Legislature to make provision for the blind, the deaf, and dumb, and juvenile delinquents, and permit counties, cities, towns, and villages to provide for orphans and dependent children, and provide for the care of the insane, and permit assistance to paupers.

In Trustees of Exempt Firemen's Fund v. Roome, 93 N. Y. 313, 45 Am. Rep. 217, Judge Finch reviewed the history of the Volunteer Fire Department of the City of New York, and the history of the Association of Exempt Firemen, and the corporation styled the "Trustees of the Exempt Firemen's Benevolent Fund"; and pointed out that the concessions made to the Volunteer Firemen while they were in existence were to effectuate a just and equitable distribution of common public burdens, the duties of volunteer firemen involved exposure and risk and were arduous, such public service must, however, be performed, and the discharge of this more difficult duty might fairly be compensated by the exemption of those who performed it from other governmental duties, which would, of course, result in an excess of less arduous duties borne by others. The Volunteer Firemen departments in the cities of New York and Brooklyn were replaced in 1865 by a paid organization. Thereafter, to protect the benevolent fund created for the benefit of firemen and exempt firemen and their families, a new corporation was organized, known as the "Trustees of the Exempt Firemen's Benevolent Fund." To this corporation was attached the right for five years to receive 2 per cent. of the gross premiums paid by foreign fire insurance companies doing business in the city of New York. In 1870 that right was extended for seven years, and in 1877 for nine years more. In 1875 the Constitution of the state was amended by adding a provision similar to that of section 10, article 8, of the present Constitution, invoked by the appellant.

It was urged in the Roome Case that, because of the amendment to the Constitution of 1875, the act of 1877 effectuated a gift of the money of the state to a corporation in violation of the Constitution. The court held otherwise, however. It was there said:

"When the state takes from the public treasury a sum of money and gives it to a corporate body for the relief of deserving beneficiaries, it does one of two things—it either bestows a charity, or recognizes and discharges an obligation due from it to the recipients. The former it cannot do except in specified cases. The latter it may always do, for the constitutional provision was not intended and should not be construed to make impossible the performance of an honorable obligation founded upon a public service, invited by the state, adopted as its agency for doing its work, and induced by exemptions and rewards which good faith and justice require should last so long as the occasion demands. We do not apprehend that the wise prohibition of the Constitution is weakened or narrowed by this construction. While the state owes some general duty of charity to the poor and suffering, no body of men, corporate

or associated, can of their own accord take upon themselves that duty without the request and procurement of the state, standing in no relation of authorized governmental agency, and yet put the state under an obligation which makes the bestowal of public money upon the corporate body something other than a gift or a donation. In the present case we have patiently traced the whole history of the appropriation and its recipients along the entire line of an abundant legislation, in order to feel sure that we have not mistaken the quality of the act, or erred in ascribing to the plaintiff corporation the character of a subordinate governmental agency employed by the state to fulfill its obligations due to the exempt firemen for the service they had rendered at the request and by the procurement of the state."

While the relator in the present case was not organized until the year 1887, it is nevertheless undisputed as a fact that the membership of the corporation is entirely composed of men who have served a term of five years as members of the Volunteer Firemen Departments of the former city of Brooklyn and other towns in the county of Kings. All that was said of the obligation of the city and the state of New York to the Volunteer Firemen in the Roome Case must, of course, apply with equal force to the members of the relator. By the amendment of 1906, which directed the remission of water rents, the state has ascribed to the relator the character of a "subordinate governmental agency employed by the state to fulfill its obligations due to the exempt firemen for the service they had rendered at the request and by the procurement of the state." Granting that the past-due water rates are not in the nature of taxes, but are as a debt due to the city for valuable service performed, and are to be treated as money in the treasury of the city, as urged by the appellant, we cannot distinguish in principle between the character of this legislation and that upheld in the Court of Appeals in the Roome Case; for there the state undertook to take part of the license fees of foreign corporations paid for the privilege of conducting business in this state, and to pay it into the treasury of a corporation existing for the benefit of exempt firemen.

The remission of the water rates it not a bestowal of a charity. It is the recognition and the discharge of an obligation due from the state. The extent of the obligation, and the question whether it was fully discharged prior to the enactment of the amendment of 1906, rest alone with the State to determine. That the Legislature was of the opinion that the obligation had not been fully discharged prior to the amendment of 1906 is apparent because of the enactment thereof.

Our conclusion is that the legislation is not unconstitutional, and the order must be affirmed, with costs. All concur. JENKS, J., in result.